# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1360

_____

Calvin Burke

*Plaintiff - Appellant*

v.

St. Louis City Jails; Dale Glass, Commissioner, Individually and Officially;
Leonard Edwards, Detention Center Superintendent, Workhouse, Individually and
Officially; Tonya Harry, Major, Chief of Security, Workhouse, Individually and
Officially; Gerome Fields, Unit Manager, Workhouse, Individually and Officially;
Scott Weber, Constituency Service Unit, Individually and Officially; Unknown
Ruckner, Correctional Officer, Individually and Officially; Carlton Prince; Social
Worker Idowu

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 4, 2015
Filed: May 26, 2015
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In December 2014, inmate Calvin Burke moved for leave to proceed in forma pauperis (IFP) in his pro se 42 U.S.C. § 1983 action against St. Louis City Jails and numerous employees. In his original complaint, Burke alleged that a defendant correctional officer had threatened him with violence and sexual assault by other inmates and that other defendants had failed to protect him or respond to his complaints. He was forced into segregation, he contends, in order to remain safe. In an amended complaint, he additionally alleged that his segregation cell was unsanitary; he was receiving inadequate exercise and sleep; and his kosher diet consisted of unsanitary food and insufficient nutrition, causing him to suffer constipation, vomiting, dramatic weight loss, and blood in his stool.

The District Court determined that Burke had three strikes under 28 U.S.C. § 1915(g) and concluded that he had failed to show he was in imminent danger at the time he initiated the action. The court reasoned that he had been removed from the correctional officer and other inmates and was confined in segregation and that the allegations in the amended complaint arose after the initial complaint was filed. The court thus denied leave to proceed IFP and dismissed Burke's complaint prior to service. Burke appeals, and in response to this Court's show-cause order, he reiterates his allegations that he is in imminent danger, in part because of his insufficient diet and its continuing consequences to his health.

After careful review of the record, we agree with the District Court that Burke had acquired three qualifying "strikes" under § 1915(g) when he initiated the instant action. See 28 U.S.C. § 1915(g); Owens v. Issac, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam) (reviewing de novo the district court's interpretation and application of § 1915(g)). We conclude, however, that the District Court should have considered whether Burke met the imminent-danger exception when he filed his amended complaint, not when he filed his original complaint. Cf. Martin v. Shelton, 319 F.3d 1048, 1051 (reviewing an amended complaint to determine if the imminent-danger exception applied).

We grant Burke leave to appeal IFP and remand the case to the District Court to determine in the first instance whether Burke satisfied the imminent-danger exception to the three-strikes rule at the time he filed his amended complaint. We retain jurisdiction over the appeal.

_____